PATRICK FENTON, as · Administrator, etc., of JOHN FENTON, Deceased, Respondent, v. THE SECOND AVENUE RAILROAD COMPANY, Appellant.

*Contributory negligence — crossing a street in front of a horse-car.*

In an action to recover the damages resulting from the death of a party injured by being run over by a street car, the fact that the deceased attempted to cross the street in front of the car, which he had ample time to do, but by reason of his having fallen in the street in front of the car was injured, does not establish contributory negligence on his part.

*Belton* v. *Baxter* (54 N. Y., 247); *Motel* v. *Sixth Avenue Railroad Company* (99 id., 632) distinguished.

*Semble,* that it is otherwise where the party injured has made a miscalculation as to his ability to cross the track before the arrival of the car.

Appeal by the defendant from a judgment entered, after a trial at the New York Circuit before the court and a jury, in the office of the clerk of the county of New York on the 22d day of March, 1889 ; and also from an order, entered in said office on the 18th day of March, 1889, denying defendant's motion for a new trial.

The action was brought by the administrator and father of John Fenton, deceased, to recover for the loss which had resulted from his son's death, occasioned by being run over by a car of the defendant.

*Aug. S. Hutchings,* for the appellant.

*William M. Lyddy* and *James M. Lyddy,* for the respondent.

Van Brunt, P. J.:

This action was brought by the plaintiff, the father and administrator of John Fenton, deceased, a boy of nine years of age at the time he met his death, to recover damages for such death by reason of the alleged negligence of the defendant.

It is claimed, upon the part of the appellant, that the deceased was guilty of contributory negligence, but that no negligence on its part was shown.

The defendant operates a line of street cars running through Second avenue, New York city. The deceased was an intelligent and smart boy, strong and healthy and able to run around and take care of himself; and on the 7th of April, 1888, he proceeded to cross Second avenue from the west side to the east, a few yards from where East Twenty-fifth street intersects the avenue. There was evidence offered tending to show that, before he crossed the street, he looked up and down the avenue, and that there was no obstruction in the street, so that he could see any approaching car; that, at the time he attempted to cross, the car in question was some sixty or seventy feet down the avenue, and when he reached the rail the car was forty-five feet away ; while he was crossing the track his foot slipped and he fell some twenty feet in front of the horses, and before the car was stopped he was run over and received such injuries that he subsequently died. There was some dispute in the evidence as to the distance of the deceased from the horses at the time he fell, some witnesses placing it as near as ten feet. There was also evidence tending to show that after the boy fell no effort was made

by the driver of the car until he was struck by the horses; and that the car was not stopped until the wheels ran over the boy, and from the injuries thus received he died.

It is urged, upon the part of the appellant, that the evidence showed contributory negligence upon the part of the boy, and did not show any negligence upon the part of the defendant's employees; and in support of the proposition that the deceased was guilty of contributory negligence the case of *Belton* v. *Baxter* (54 N. Y., 247) is cited by the counsel for the appellant, in which the court uses the following language:

"The plaintiff was guilty of negligence, which certainly contributed to his injury, and this is apparent upon his own testimony. He wanted to cross Second avenue, on Fourth, street, where he resided. It was near evening, but still daylight, and he saw a Second avenue car coming just above Third street, and behind it a cart also coming. * * * He hurried on a little and made his 'calculation' that he could cross in front of the car 'before the cart could get up.' * * * He stepped on, the car came faster than usual; he just passed the heads of the horses attached to the car, and at that moment came in contact with the horse and cart of the defendants * * * and received the injury.

"This makes out a plain case of negligence. He clearly saw the possible danger, made his calculation to pass ahead of both car and cart, and failed. * * * It is negligence *per se* for a foot traveler to attempt to cross a public thoroughfare ahead of vehicles of any kind under such circumstances, upon nice calculations of the chances of injury. If such attempt be made, and the calculations fail to plaintiff's harm, he can have no redress for injuries received in his mistaken effort. It is not the exercise of common or ordinary care."

An examination of the facts of this case shows that the plaintiff there miscalculated having time enough to get across the track before the car reached him, and therefore was injured — entirely different from the facts in the case at bar; for the evidence here showed that had not the boy fallen he would have had ample time to clear the horses and get across the track, and, therefore, the deceased was not guilty of negligence in attempting to cross the track, because he had ample time, as the evidence abundantly shows, to cross, and it was the misfortune of falling while attempting to cross that brought

him into danger. The question, therefore, presented would be : Is everybody who crosses a street guilty of contributory negligence because he happens to fall? In crossing the streets of a crowded city we do not think that a party is bound to wait until all the vehicles are out of the street before he attempts to cross it, for if such a rule prevailed, he would be compelled during the whole of his life to stay on one side of the street. He is bound to use reasonable care under the circumstances, and where a party has ample time to get across, although a vehicle may be approaching, he is not guilty of contributory negligence in attempting to do so. That was all that the deceased did in the case at bar.

The case of *Motel* v. *Sixth Avenue Railroad Company* (99 N. Y., 632; 2 How. Pr. [N. S.], 30), in which the opinion was written by Mr Justice BEACH, and which opinion was adopted by the Court of Appeals, was of precisely similar character to that of *Belton* v. *Baxter* (*supra*). The evidence of the plaintiff in that case was that the plaintiff tried to get across, that he thought he could get across before the horses reached him, but he miscalculated the time and had not the opportunity to get across safely before the horses were upon him; and the court held in that case that a party under these circumstances must bear the burden of his own miscalculation.

The other question presented is as to the negligence of the defendant. The evidence is conflicting, as has already been said, as to the distance from the horses' heads at which the boy fell. It is put by the witnesses anywhere from ten to twenty-five feet. But there was evidence from which the jury might find that, whatever the distance was at which the deceased fell in front of the horses, no effort was made by the driver to stop the car until the horses struck the deceased as he was trying to raise himself from the ground. Under these circumstances, if the jury should have found that the deceased was twenty or twenty-five feet from the horses at the time he fell, there being no obstructions in the streets and nothing to interfere with the driver's view, they might well have come to the conclusion that the driver was guilty of negligence in not using the means which he had of stopping the progress of the car until the horses were actually upon the deceased. It is true there was a conflict of evidence upon this point, but there was ample evidence to justify the conclusion of the jury that due care was not used by

the driver of this car; and, perhaps, they may have laid some stress upon the fact that the car was in charge of a green hand who was being schooled by an old driver, who was also upon the platform.

With evidence of this character to be submitted to the jury, we do not see how an appellate court would be justified in interfering with the verdict. In fact, upon a consideration of the whole of the evidence in the case, it would appear that there had not been that degree of diligence used upon the part of the driver of this car, in attempting to stop it, which the law imposed upon him.

The learned judge presiding at the circuit presented this case fairly to the jury, calling their attention to what it was necessary for the plaintiff to establish in order to recover, and as already suggested, the jury were justified, from all the evidence, in finding both that the deceased was free from contributory negligence, and that there had been negligence upon the part of the defendant.

The judgment should be affirmed, with costs.

Barrett and Bartlett, JJ., concurred.

Judgment affirmed, with costs.